■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE O. SERRANO, Appellant.— Judgment, Supreme Court, Bronx County, rendered May 20, 1971, convicting defendant, after a jury trial, of four counts each of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, affirmed. We are in accord with the dissent insofar as it states that the trial court erred in allowing defendant's daughter-in-law to testify to what her children told her. At best, her testimony would be admissible only for the purpose of showing that complaint was made by the victim at the first available opportunity. Her testimony was not so limited. However, we consider the error harmless in view of the over-all proof of guilt. (Code Crim, Pro., § 542.) Concur — Stevens, P. J., Markewich, Kupferman and Capozzoli, JJ. Murphy, J., dissents in the following memorandum: Defendant was convicted after a jury trial of sodomy and other related acts committed on his four young grandchildren. The three oldest ones, each less than ten years of age, were sworn and permitted to testify to certain deviate sexual acts committed on themselves and on their brothers and sister. Defendant denied molesting the children and produced two alibi witnesses who testified that he could not have committed the acts complained of because he was not

alone with the children at the times they were allegedly perpetrated. Accordingly, a clear question of credibility was presented to the jury. Appellant's daughter-in-law, the mother of the infant complainants, was also permitted to testify to what each of the four children told her. Although the Trial Justice admitted the first such conversation, despite the fact that it was clearly hearsay, as a declaration by a victim of a sexual assault at the first opportunity (see Richardson, Evidence [9th ed.], § 274; 4 Wigmore, Evidence [3d ed.], § 1134 *et seq.*), he permitted the witness to testify, not just to the complaint, but to the factual details as well. Moreover, this witness was also permitted to testify to her conversations with the other children with whom she had initiated the inquiry as to their experiences with appellant. Even assuming, *arguendo*, that this exception to the hearsay rule is applicable to sodomy cases (see 4 Wigmore [3d ed.], § 1135) and that the first child's spontaneous complaint was timely made, only the bare fact of such complaint by one of the children was admissible and all of the other testimony should have been excluded. (Richardson, Evidence [9th ed.], § 274; *People* v. *O'Sullivan*, 104 N. Y. 481; *Baccio* v. *People*, 41 N. Y. 265; *People* v. *Deitsch*, 237 N. Y. 300.) It is now well-recognized that, in cases such as this, the testimony of young children must be carefully scrutinized since they are the most dangerous witnesses in prosecutions for morality offenses. (*People* v. *Porcaro*, 6 N Y 2d 248; *People* v. *Oyola*, 6 N Y 2d 259.) The charges against defendant were sensational enough. The obvious prejudice resulting from Mrs. Serrano's clearly inadmissible testimony cannot be considered harmless. (*People* v. *Deitsch, supra*.) In light of the foregoing, the judgment of conviction should be reversed and a new trial granted.