**UNITED STATES of America ex rel. Jose O. SERRANO, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.**

**No. 74 Civ. 3069–LFM.**

United States District Court,
S. D. New York.

May 7, 1975.

OPINION

MacMAHON, District Judge.

Petitioner pro se, Jose O. Serrano, an inmate of Attica Correctional Facility, having exhausted all available state remedies, challenges his conviction for sodomy, sexual abuse and endangering the

welfare of a child in Supreme Court, Bronx County, on May 20, 1971, following a jury trial. Petitioner claims denial of a fair and impartial trial, due process and equal protection of the laws because the trial judge admitted hearsay evidence.

Petitioner was convicted for committing various sexual acts upon his four minor grandchildren during April, May and June 1969. The three oldest grandchildren, ages seven through nine, testified to acts committed upon them and their youngest sister, age six. Their mother testified to what the children had told her, and a hearsay objection to that testimony was overruled by the trial court on the ground that declarations made by a victim at the earliest opportunity were admissible not as corroboration but for purposes of credibility. The Appellate Division ruled that the admission of this hearsay evidence was error since the hearsay exception in question applies to victims of rape, not sodomy. Nevertheless, that court held the error harmless in light of overwhelming independent proof of guilt. People v. Serrano, 40 A.D.2d 789, 337 N.Y.S.2d 746 (1st dep't 1972), aff'd, 33 N.Y.2d 623, 347 N.Y.S.2d 580 cert. denied, 414 U.S. 1075, 94 S.Ct. 590, 38 L. Ed.2d 481 (1973).

Petitioner's claim lacks merit. Errors by a state trial court concerning admissibility of hearsay statements are not grounds for federal habeas relief absent a showing of deprivation of some specific due process right or fundamental fairness. United States ex rel. Clark v. Zelker, 321 F.Supp. 1085, 1087 (S.D. N.Y.1971); United States ex rel. Santiago v. Follette, 298 F.Supp. 973 (S.D.N. Y.1969); United States ex rel. Feldt v. Follette, 298 F.Supp. 1298 (S.D.N.Y. 1969); United States ex rel. Hardy v. McMann, 292 F.Supp. 191 (S.D.N.Y. 1968).

In light of the overwhelming admissible testimony of petitioner's grandchildren, his claim that he was deprived of fundamental fairness by the admission of their hearsay testimony is without substance. Moreover, any questions as to the witnesses' credibility are plainly issues of fact for a jury and not cognizable under 28 U.S.C. § 2254. United States ex rel. Griffin v. Martin, 409 F.2d 1300 (2d Cir. 1969); United States ex rel. Cole v. LaVallee, 376 F. Supp. 6 (S.D.N.Y.1974); United States ex rel. Griffin v. Vincent, 359 F.Supp. 1072 (S.D.N.Y.1973).

Furthermore, we may not review the sufficiency of evidence unless petitioner claims that there was no evidence whatsoever upon which a conviction may be based. Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); United States ex rel. Terry v. Henderson, 462 F.2d 1125 (2d Cir. 1972). Upon the facts of this case, such a claim would be patently frivolous.

Lastly, petitioner's attack upon the trial court's allowing his minor grandchildren to testify is similarly without substance. United States v. Schoefield, 150 U.S.App.D.C. 380, 465 F.2d 560, cert. denied, 409 U.S. 881, 93 S.Ct. 210, 34 L.Ed.2d 136 (1972).

Accordingly, the within application is denied and the petition dismissed. A certificate of probable cause (28 U.S.C. § 2253) will not issue since there are no questions of substance on which the Court of Appeals should rule. Finally, we certify that any purported appeal from this order in forma pauperis is not taken in good faith because an appeal would be frivolous. 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215, 218 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L. Ed.2d 762 (1959). So ordered.