**UNITED STATES of America ex rel. Nathaniel SPURLARK, Petitioner-Appellee-Cross-Appellant,**

v.

**Dennis WOLFF, et al., Respondents-Appellants-Cross-Appellees.**

**Nos. 81–2063, 81–2113.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 19, 1982.

Decided Jan. 28, 1983.

Neal B. Goodfriend, Chicago, Ill., for respondents-appellants-cross-appellees.

Sam Adam, Chicago, Ill., for petitioner-appellee-cross-appellant.

Before CUMMINGS, Chief Judge, PELL, BAUER, WOOD, CUDAHY, POSNER, ESCHBACH and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

PELL, Circuit Judge.

We reconsider the appeal of respondents in this habeas corpus action.[1] We will review only those facts pertinent to our decision.

I

Petitioner was arrested on August 12, 1972, and charged with possession of cocaine. Due to innumerable continuances, most of which were granted at the request of petitioner's retained counsel, the trial did not begin until November 22, 1976. Because of the delays engendered by petitioner's retained counsel the court required petitioner to be represented by appointed counsel, Cornelius Toole. Petitioner was convicted and appeared for sentencing represented by Toole. At the sentencing hearing Sam Adam, retained by petitioner, appeared and requested permission to appear on petitioner's behalf. The court denied this request and sentenced petitioner to incarceration for a term of fifteen to thirty years.

Petitioner appealed his conviction to the Appellate Court of Illinois, raising four issues. The only claim presented to that court which concerned denial of choice of counsel was stated: "Whether the trial court committed reversible error by denying a non-indigent defendant his constitutional right to be defended by counsel of his own choosing." The arguments presented in support of this contention dealt solely with the claim that the court erred in appointing counsel to defend petitioner at trial. The only reference to denial of choice of counsel at sentencing appeared in one paragraph in the Statement of Facts of defendant's brief that read:

---

1. A three-judge panel of this court previously affirmed the judgment of the district court, which denied habeas relief to the petitioner as to all issues raised with one exception and which granted that relief as to that one issue only. *United States ex rel. Spurlark v. Wolff*, 683 F.2d 216 (7th Cir.1982). In this en banc opinion on rehearing, the court holds that all issues raised by the petitioner were correctly decided by the district court as indicated by the prior panel opinion, which contains a more complete statement of the facts than is necessary for the purpose of this opinion.

At the sentencing proceedings, held on December 13, 1976, Attorney Sam Adam appearing at the request of the Defendant, sought leave to file his appearance on behalf of the Defendant for the purposes of post-trial proceedings. Attorney Adam's motion for leave to file his appearance was summarily denied.

The state appellate court affirmed petitioner's conviction. The court, understandably, did not address the issue of denial of petitioner's request that Adam represent him at sentencing. *People v. Spurlark,* 67 Ill.App.3d 186, 23 Ill.Dec. 860, 384 N.E.2d 767 (1st Dist.1978). Petitioner accorded a similar lack of weight to this claim in his Petition for Leave to Appeal filed in the Illinois Supreme Court, which was denied.

Petitioner then sought a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. That court entered summary judgment for respondents on all issues except the denial of petitioner's request that Sam Adam appear as counsel during sentencing. On this Judge Moran stated, "The court believes that the petitioner was entitled to counsel of his choice at sentencing. The state court's failure to allow petitioner to exercise that choice is grounds for requiring resentencing in state court." We affirmed the decision of the district court. *United States ex rel. Spurlark v. Wolff,* 683 F.2d 216 (7th Cir.1982). In our previous decision we rejected respondents' claim that petitioner had failed to exhaust state remedies. We noted that petitioner had not presented this claim to the state courts on direct appeal and had therefore forfeited this claim for state collateral attack. 683 F.2d at 222. We did not consider whether petitioner's failure to present his claim to the state courts similarly worked a forfeiture for purposes of a federal habeas action. We now consider this issue in light of the recent decision of the United States Supreme Court in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), and other pronouncements of that court.

## II

The possibility of forfeiture or waiver of the claim that the trial court erred in denying petitioner his choice of counsel at sentencing arises from petitioner's failure to present this claim to the state courts on direct appeal. Under state law the failure to present this claim on direct appeal prevents petitioner from raising it in any state post-conviction proceeding, thus the requirement that petitioner exhaust all available state remedies is met as none are now available. The failure to raise the issue on appeal, however, also raises the possibility that the claim may not be brought before a federal court in a habeas petition. It is well established that principles of comity require a state prisoner to present his claims to the appropriate state tribunal before seeking relief in federal court. *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Petitioner seeks to avoid the consequences of his procedural default by arguing that he in fact did present his claim to the state courts. Whether petitioner's presentation was adequate to apprise the state courts of the claimed error must be judged with the purpose of the exhaustion and waiver doctrines in mind. The fundamental requirement that a petitioner first present his claims to the state court is rooted in the belief that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950); see also *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This goal can only be achieved when the issue is presented to the state courts in a manner that fairly allows the court to consider its merits. The Supreme Court has recognized that merely presenting the facts of a case to a state appellate court is insufficient.

We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," ...

it is not sufficient merely that the federal habeas applicant has been through the state courts. *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (citation omitted.)

Petitioner presented the state courts with the claim that the trial court had violated his "constitutional right to be *defended* by counsel of his own choosing." (Emphasis added.) Even if the role of counsel at sentencing can be described as "defending," any ambiguity as to the basis of petitioner's claim was removed by the arguments presented, which dealt solely with the appointment of Toole as counsel for the trial and never mentioned the separate sentencing hearing. Given this presentation it is clear that the one paragraph in the statement of facts that referred to the sentencing hearing was not meant, and did not serve, to present this issue to the state courts.[2] Rather, "[w]hile with hindsight one can find in the state court records seeds of the argument, so vigorously urged in the federal courts, ... the seeds never came to visible fruition." *Needel v. Scafati,* 412 F.2d 761, 765 (1st Cir.1969), *cert. denied* 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113; *see also Katz v. King,* 627 F.2d 568, 575 (1st Cir.1980). We turn now to consider the consequences of petitioner's failure to allow the state courts to pass upon the merits of his claim.

### III

To determine whether petitioner's failure to raise the issue on appeal bars him from presenting that claim to a federal court in a petition for habeas corpus we must examine the continued vitality of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Noia was convicted of murder on the basis of a confession. He chose not to appeal because of the possibility of receiving the

death penalty on retrial, but later sought a writ of habeas corpus in federal court under 28 U.S.C. § 2254. The district court denied Noia's petition because of his failure to appeal. On certiorari the Supreme Court considered "whether § 2254 barred relief on federal habeas corpus where the applicant had failed to exhaust state remedies no longer available to him at the time the habeas proceeding was commenced." *Id.* at 397, 83 S.Ct. at 826. The Court weighed the state's interest in enforcement of its procedural rules against the federal interest in vindicating constitutional rights. The balance favored protection of federal rights except in cases of intentional flouting of state procedures.

> We fully grant ... that the exigencies of federalism warrant a limitation whereby the federal judge has the discretion to deny relief to one who has deliberately sought to subvert or evade the orderly adjudication of his federal defenses in state court. Surely no stricter rule is a realistic necessity. A man under conviction for crime has an obvious inducement to do his very best to keep his state remedies open, and not to stake his all on the outcome of a federal habeas proceeding which, in many respects, may be less advantageous to him than a state court proceeding. *Id.* at 433, 83 S.Ct. at 846.

In *Fay* the Court phrased its holding in terms that encompassed all procedural defaults, stating that "the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in doing so has forfeited his state remedies." *Id.* at 438, 83 S.Ct. at 848. In *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), the Court applied *Fay's* deliberate by-pass test to a federal prisoner who had objected to the introduction of evidence at trial but had not

---

**2.** Petitioner cites *Bisaccia v. Attorney General of N.J.,* 623 F.2d 307 (3d Cir.1980), for the proposition that merely providing the state courts with the opportunity to consider the facts of the case is sufficient. *Bisaccia* is of no help to petitioner. In *Bisaccia* the state courts had considered the issue—admission of a coconspirators guilty plea—but not in explicit

constitutional terms. Clearly, then, the courts were given an opportunity to consider whether the guilty plea was admissible. In this case, however, the state courts were not presented with the sentencing issue at all, but rather only with the separate claim of choice of counsel at trial.

raised the issue on appeal. The Court noted, that "There is no reason . . . to give greater preclusive effect to procedural defaults by federal defendants than to similar defaults by state defendants." *Id.* at 228, 89 S.Ct. at 1075. Neither *Fay* nor *Kaufman* indicated that the deliberate by-pass test was only applicable in failure-to-appeal cases.

Subsequent opinions of the Court have narrowed the application of the deliberate by-pass standard. In *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Court considered the effect of Rule 12(b)(2) of the Federal Rules of Criminal Procedure upon the ability of a federal prisoner to challenge on habeas the composition of the grand jury that indicted him when no challenge had been made prior to trial. In pertinent part Rule 12(b)(2) reads: "Defenses and objections based on defects in the institution of the prosecution or in the indictment . . . may be raised only by motion before trial." Failure to raise the issue before trial "constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver." The Court held that the waiver provision extended to habeas proceedings, recognizing that allowing a prisoner to raise the issue on habeas when foreclosed from other avenues of relief due to his inaction would negate the purpose of the rule. The Court concluded that a habeas petitioner must demonstrate cause for his failure to make a timely motion and actual prejudice resulting from the claimed violation of his constitutional rights.

The Court extended the cause-and-prejudice standard to state prisoners who had failed to make the requisite pre-trial challenge to grand jury composition in *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Citing *Kaufman* as support, the Court reasoned that federal and state prisoners should be subjected to the same scrutiny when seeking habeas after failing to make timely pre-trial motions.

In the term following *Francis,* the Court decided *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1876). In *Wainwright* petitioner had failed to make a contemporaneous objection to the introduction of his confession as required by state law. The Supreme Court refused to apply the deliberate by-pass standard when determining the availability of federal habeas relief. Rather, the Court rejected "the sweeping language of *Fay v. Noia,* going far beyond the facts of the case eliciting it." 433 U.S. at 88, 97 S.Ct. at 2507. The Court felt that *Fay* had encouraged defense counsel to "sandbag" the prosecution by withholding objections at trial in the hope of winning an acquittal despite the objectionable material, but with the knowledge that a conviction could be attacked on federal habeas. Although the deliberate by-pass test would seem to preclude this tactic the majority of the Court felt that a more stringent test was needed. To this end the Court held that the cause-and-prejudice test should be applied when a defendant had failed to make a contemporaneous objection. *Wainwright,* however, specifically did not overrule *Fay* or *Kaufman* as applied to cases in which the only procedural default was a failure to raise an issue on appeal, a situation in which the incentive to "sandbag" is not as great. Rather, the Court stated that "[w]hether the *Francis* rule should preclude federal habeas review of claims not made in accordance with state procedure where the criminal defendant has surrendered, other than for reasons of tactical advantage, the right to have all of his claims of trial error considered by a state appellate court, we leave for another day." 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12.

Respondents urge that this day has arrived and that the most recent decisions of the Supreme Court have in fact overruled *Fay* and *Kaufman* for failure-to-appeal cases. Most strenuously urged is the claim that *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), requires that we apply the cause-and-prejudice test in this case. We do not find *Engle* dispositive on this point. Petitioners in *Engle* failed to object at trial to certain jury instructions as required by state law. As noted in *Wainwright* the interests in requiring contemporaneous objection at trial are

different from those protected by requiring a defendant to raise an issue on direct appeal. Similarly, *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), holds only that cause-and-prejudice, rather than plain error, is the proper standard for evaluating claims not raised at trial but later brought before a federal court in a habeas action. Finally, *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), does not provide any direct guidance as it deals only with the proper procedure to be followed when a petitioner presents both exhausted and unexhausted claims.

While none of these recent pronouncements has gone so far as overruling the deliberate by-pass standard as applied to failure-to-appeal cases—and in fact none of these cases even presented this issue—we are not unmindful of the Supreme Court's changing attitude toward federal habeas proceedings. In *Rose v. Lundy, supra,* the Court expressed concern over federal intervention in state criminal matters through habeas proceedings. The Court held that the best means of ensuring that state prisoners first present their claims to the state courts is a strict rule prohibiting federal courts from considering unexhausted claims. Similarly, in *Engle* the majority expounded upon the costs imposed upon our system of federalism by federal habeas actions.

> The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrates both the State's sovereign power to punish offenders and their good faith attempts to honor constitutional rights.

102 S.Ct. at 1571. In *Frady* the Court considered, in dicta, the damage done when a prisoner attacks a conviction after his opportunity to appeal has passed. "Once the defendant's chance to appeal has been waived or exhausted, ... we are entitled to presume he stands fairly convicted." 102 S.Ct. at 1593. With this interest in mind the Court noted that "a collateral challenge may not do service for an appeal." *Id.*

Primarily upon the basis of this language this circuit recently held that "*Frady* casts sufficient doubt on the continued vitality of *Kaufman* to allow us to consider as an original question whether the failure to appeal on a ground later raised in a section 2255 motion should bar the motion unless good cause for not appealing is shown." *Norris v. United States,* 687 F.2d 899, 903 (7th Cir.1982). Although we recognize in *Norris* that the Supreme Court had not explicitly overruled *Kaufman* and that the decisions in *Wainwright* and *Engle* were not dispositive as "the failure to make a contemporaneous objection is a more serious procedural default than splitting one's appeal is," 687 F.2d at 904, we nevertheless held that the Government should not be shouldered with the burden of proving that a federal prisoner's failure to appeal was a deliberate by-pass of normal procedures. We held that in light of the Supreme Court's recent decisions the cause-and-prejudice test was the proper standard when a federal prisoner raises a claim on habeas that was not raised on appeal. We noted that:

> In holding that the cause and prejudice standard rather than the deliberate by-pass standard is applicable to failures to appeal, we are not "overruling" *Kaufman* .... Constitutional law is very largely a prediction of how the Supreme Court will decide particular issues when presented to it for decision. Ordinarily the best predictor of how the Court will decide an issue in a future case is how it decided the same issue in a past case, and when that is so the law is what is stated in the earlier decision. But sometimes later decisions, though not explicitly overruling or even mentioning an earlier decision, indicate that the Court very probably will not decide the issue the same way the next time. In such a case, to continue to follow the earlier case blindly until it is formally overruled is to apply the dead, not the living, law. *Id.*

Our task is to determine what that living law applicable to the present case is. Be-

cause there are significant differences between the consequences of a state prisoner's failure to raise an issue on appeal and those flowing from similar derelictions on the part of a federal prisoner we cannot simply rely upon our analysis in *Norris.* The Supreme Court recognized in *Frady* that, unlike a state prisoner foreclosed from presenting his claims to a federal district court, a federal prisoner "already has had a fair opportunity to present his claims to a federal forum." 102 S.Ct. at 1593. This was one factor in our decision in *Norris.* 687 F.2d at 903. Against this factor we must weigh the values sought to be served by principles of comity, which are not implicated when a federal prisoner seeks habeas relief but which counsel against entertaining claims that a state prisoner did not deign to present to the state courts.

In considering this question we do not do so without some background of case law. In *Guzzardo v. Bengston,* 643 F.2d 1300 (7th Cir.1981), *cert. denied,* 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955, we declined to extend the cause-and-prejudice test to a state prisoner who had failed to present his claim of ineffective assistance of counsel to the state courts on direct appeal, and who had thereby waived state remedies. Rather, we denied petitioner's claim on its merits. Unlike *Norris,* however, *Guzzardo* was decided without the benefit of *Engle* or *Frady.* We therefore decline to rely on *Guzzardo* today.

Some guidance can be obtained from the recent decisions of our sister circuits. In *Boyer v. Patton,* 579 F.2d 284 (3rd Cir.1978), the Third Circuit, noting that the Court in *Wainwright* had explicitly *not* overruled the deliberate by-pass test as applied to failure-to-appeal cases, concluded that *Fay* was still good law. This position, however, has recently been reconsidered. In *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 (3rd Cir.1982), petitioner sought federal habeas relief based upon claims of ineffective trial and appellate counsel. State law required that these claims be raised in post-conviction motions no later than five years after conviction. Although petitioner presented these claims to the state courts in

post-conviction motions, he did so more than five years after his conviction. The Third Circuit held that this procedural default should be evaluated under the cause-and-prejudice test, although the interests protected by this state rule were much the same as those protected by rules prohibiting piecemeal or untimely appeals. While the court was not willing to hold that *Fay* was no longer controlling in traditional failure-to-appeal cases, it did recognize that "*Wainwright's* rationale is not easily reconcilable with that of *Fay,* and we are reluctant to ignore the rationale of the more recent case. Indeed, the ascendancy of the cause and actual prejudice standard is reflected in the broad language of *Engle v. Isaac.*" 689 F.2d at 442.

The Second Circuit considered this issue in a thoughtful analysis in *Forman v. Smith,* 633 F.2d 634 (2nd Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204. *Forman* directly presented the question whether *Fay* or *Wainwright* governed the failure to raise an issue on direct appeal. The court examined four factors deemed relevant in *Wainwright;* (1) comity; (2) finality; (3) accuracy: review on direct appeal is more likely to be accurate as it takes place a short time after the trial, a factor of special importance in claims such as ineffective assistance of counsel that cannot be resolved easily by resort to the trial record; and (4) trial integrity: counsel should have no inducement to withhold claims or objections. The court recognized that considerations of comity apply as forcefully to failure to present a claim to a state appellate court as to failure to make contemporaneous objection at trial. The court, however, did not think that the failure to raise an issue on appeal implicated society's interest in the finality of litigation. The court concluded that the remaining two factors, accuracy and integrity, are hampered when a state prisoner fails to present a claim such as ineffective assistance of counsel or suppression of evidence by the prosecution, which require a factual determination not based on the trial transcript. On this basis the court decided

that "the cause and prejudice standard and the reasons for its application in *Sykes* to forfeitures of specific claims at trial persuades us that that standard also applies to forfeitures of specific claims on appeal." 633 F.2d at 640.

The Fifth Circuit reached a similar conclusion in *Sincox v. United States,* 571 F.2d 876 (5th Cir.1978), and *Evans v. Maggio,* 557 F.2d 430 (5th Cir.1977). In addition, the Fourth Circuit recently questioned the continued vitality of *Fay* in *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301. After analyzing the factors discussed in *Forman* and the language of the recent Supreme Court decisions we agree that the rumors of *Fay's* death are not greatly exaggerated. Although we find the analysis provided in *Forman* persuasive, we will add two observations. First, in our opinion, finality is an interest that will be protected by application of the cause-and-prejudice standard to failure-to-appeal cases. As the Supreme Court stated in *Frady,* "Once defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly convicted." 102 S.Ct. at 1593. Second, we perceive that there is a tactical reason for a state prisoner not to present certain claims to the state courts on direct appeal that was not present when *Fay* was decided. In *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the Court held that factual determinations made by a state appellate court are entitled to a presumption of correctness. In a claim such as ineffective assistance of counsel a state prisoner may believe that it is in his best interest not to present the issue to the state appellate court, which will make a factual determination shortly after the trial that will be entitled to a presumption of correctness, but rather to wait until memories have faded to present his claims to a federal court on a habeas petition.

We are supported in our decision to extend *Norris* to state prisoners by the Supreme Court's admonition in *Kaufman* that state and federal prisoners are to be given the same scrutiny when presenting a federal court with a claim otherwise lost through procedural default. Our decision is consistent with our previous statement, albeit in dicta, that "we believe that [the cause-and-prejudice] principle governs habeas corpus proceedings for state prisoners to the same extent it would control federal prisoners seeking 28 U.S.C. § 2255 relief, as in *Norris.*" *United States ex rel. Williams v. Franzen,* 687 F.2d 944, 950 (7th Cir.1982).

The cause-and-prejudice test is well suited to a case such as that before us today. Petitioner did not provide the state courts with any meaningful opportunity to evaluate his claim that the trial court erred in not allowing Adam to appear at sentencing. For a federal district court to examine this claim now undermines the relationship between state and federal courts and only serves to relegate the state courts to the status of second class citizens in the task of protecting constitutional rights. We refuse to approve of this manner of avoiding state court evaluation of claims. In those cases in which a state prisoner has an adequate explanation for his inaction and in which an injustice would result if we were to give preclusive effect to a procedural default the cause-and-prejudice test provides ample protection.

## IV

Application of the cause-and-prejudice test to this case is simple. Regardless of how one defines "cause" that prong of the test is not met here. It is apparent that counsel did not view the choice of counsel at sentencing as an important issue and simply ignored it as an issue on appeal. This is not the type of cause that justifies ignoring petitioner's failure to raise the issue on appeal.

Although the lack of cause is sufficient basis for denying relief we think it best to examine the question of prejudice as well. We believe that, even if the deliberate by-pass standard is applied, the district court erred in granting relief as the error, if any, was harmless beyond a reasonable doubt. This is not a case in which a crimi-

nal defendant went unrepresented by counsel or received ineffective assistance of counsel. Nor is this a case in which a defendant was forced to accept representation by counsel to whom he objected. Rather, petitioner, ably represented by Toole, wished to have Adam appear as an additional counsel. In this situation the question of prejudice is relevant.

In *United States v. Burton*, 584 F.2d 485 (D.C.Cir.1978), *cert. denied*, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979), defendant had retained two attorneys, one of whom withdrew shortly before trial. Defendant requested a continuance to allow him to hire new co-counsel. The continuance was denied and defendant went to trial with one lawyer. On appeal the court held that the absence of prejudice was relevant in evaluating whether defendant was entitled to a new trial.

> The question ... is whether appellant was afforded his constitutional right to select his own counsel. In determining whether the right was violated, the existence of prejudice is only one of the factors to consider. The existence of prejudice to the case is not a prerequisite to a constitutional violation in this context. *But in appraising this particular factor, the inability of appellant to prove prejudice to his defense, and the absence of prejudice to us in the record suggests that the district court properly balanced the competing considerations. Id.* at 498. (Emphasis added)

While *Burton* involved a request for a continuance, which is not present here, and relied upon the lack of prejudice to justify *post hoc* the denial of that request, we think that the absence of prejudice is similarly relevant when appearance of co-counsel is denied for other reasons. The Second Circuit is apparently in agreement, *see United States v. Tortora*, 464 F.2d 1202 (2nd Cir. 1972), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516.

Petitioner has made no showing of any prejudice, nor could he. Toole was familiar with the relevant facts for the sentencing hearing, having represented petitioner for trial. There is no evidence that Toole failed in any way in his representation of petitioner at sentencing. Because of this lack of prejudice, and because petitioner failed to present this claim to the state courts on direct appeal, we do not need to decide if the trial court erred in denying Adam leave to appear at sentencing.

By virtue of granting en banc rehearing in this case, the judgment at the original panel was vacated. With the exception of the issue discussed in the foregoing opinion, the judgment of the district court is affirmed for the reasons stated in the prior panel opinion. For the reasons stated in the en banc opinion, that portion of the district court judgment granting petitioner habeas relief is reversed.

CUDAHY, Circuit Judge, concurring in part and dissenting in part.

In *Norris v. United States*, 687 F.2d 899, 904 (7th Cir.1982), I filed a concurring opinion in which I took issue with the view of the majority that the petitioner in that case had waived his right to habeas relief as to three of his claims because he failed to raise them on direct appeal. I concurred in the *Norris* result, however, because I rejected on their merits the three constitutional claims which the majority there determined were waived by failure to appeal. *Norris*, as Judge Pell points out, involved a federal prisoner seeking relief under 28 U.S.C. § 2255, as distinguished from a state prisoner like Spurlark seeking federal habeas relief under 28 U.S.C. § 2254. Although, for the reasons set forth there at length, I do not regard *Norris* as having been correctly decided, I have accepted it as the law of this circuit. In dicta, I have also (apparently too hastily) accepted the *Norris* principle as applicable to state prisoners. *See United States ex rel. Williams v. Franzen*, 687 F.2d 944, 950 (7th Cir.1982), which I wrote for a unanimous panel. Judge Pell has now seen fit (I think wisely, although I do not agree with his analysis) to replow much of the *Norris* ground in this *en banc* proceeding where, unlike Norris, the petitioner is represented by counsel and there

has been oral argument. Judge Pell also notes that *Norris* is not controlling as to state prisoners, who have not had an opportunity to present their claims in a federal forum. Against this factor, as Judge Pell again notes, weigh comity principles which are arguably implicated when a state prisoner does not present a claim, as to which he seeks federal habeas relief, in state court. Apparently, in the *Franzen* dictum, I focused on the comity considerations alone and assumed that the *Norris* rule applied *a fortiori* to state prisoners seeking federal habeas corpus relief.  ·

Judge Pell has again presented arguments similar to those advanced by the majority in *Norris* (although in the somewhat different context of a state prisoner). Although I believe the issue here is better developed for our consideration than it was in *Norris,* the same basic considerations are involved. Therefore, I must record my dissent on this branch of the case, relying on the relevant portions of my *Norris* concurrence at 687 F.2d 904. *Inter alia,* as I pointed out in my *Norris* concurrence, the Supreme Court in *Davis* explicitly acknowledged a distinction between a failure to raise a claim at trial and a failure to appeal. And *Davis* was written by Justice Rehnquist, certainly a leader in the movement to curtail habeas jurisdiction. *Fay, Kaufman* and *Davis* are the controlling Supreme Court precedents; as they apply to failures to appeal, they have not been overruled; and it is by no means clear to me that a majority of the Court now would abandon their pertinent aspects. In any event, I adopt the relevant portions of my concurrence in *Norris* as in point here.

I am inclined, however, to believe that the state trial judge, under all the unusual circumstances of this case, did not commit constitutional error in exercising his discretion to deny Adam leave to appear at sentencing; and, if there was error, it appears to have been harmless. *See United States ex rel. Spurlark v. Wolff,* 683 F.2d 216, 222 (7th Cir.1982) (Pell, J., Concurring and dissenting). I therefore concur in the result.

FAIRCHILD, Senior Circuit Judge, dissenting.

The majority appears to hold that failure to raise on a state appeal a federal constitutional claim is a waiver of the claim. In the facts of this case, moreover, the majority finds that a failure to emphasize is a failure to raise.

Spurlark's state appellate brief recounted the fact of denial of counsel of his choice at sentencing, although in arguing his Sixth Amendment deprivation the brief writer did not separately address the denial at sentencing. Spurlark's petition to the Supreme Court of Illinois, however, directly dealt with the claim of denial of counsel of choice at sentencing, calling to that court's attention the failure of the appellate court to address the matter:

> Neither would the Court allow new counsel to represent Defendant at the post-trial proceedings either before or after sentencing, thus successfully precluding the full, fair and complete development of the record. The Appellate Court opinion chose to disregard this aspect of the trial court's action. . . .

Petition for Leave to Appeal at 15.

In my opinion the state courts were given ample opportunity to address the petitioner's claim, both at trial and on appeal; Spurlark's attempts to describe the scope of his denial of counsel of choice, while inartful, presented the appellate court *and certainly the state supreme court* with the same issue finally addressed by the federal courts. To require that a petitioner do more than raise the "substance of a federal habeas claim ... to the state courts," *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971), unduly narrows the scope of the petitioner's right to have his claims reviewed in a federal forum. *Cf. Williams v. Holbrook,* 691 F.2d 3, 8–11 (1st Cir.1982).

The state, moreover, failed to claim waiver of the claim of denial of counsel at sentencing before the district court; and before the original panel of this court the state did no more than hint at the possibility in a footnote.

*Norris v. United States,* 687 F.2d 899 (7th Cir.1982) dealt, of course, with collateral attack on a federal conviction. It is here being extended to federal collateral attack on a state conviction. I am not persuaded that *Norris* was soundly decided. *See id.* at 904–12 (Cudahy, *Circuit Judge,* concurring) and *id.* at 912 (Wood, *Circuit Judge,* joined by Bauer, *Circuit Judge,* dissenting from decision not to hear the case *en banc*).

Under the circumstances of this case, this *en banc* court need not and, I think, should not reach the question whether to confirm and extend *Norris.*

I therefore respectfully dissent.