Charles TERRY, Petitioner,

v.

Gayle M. FRANZEN et al., Respondents.

No. 80 C 1300.

United States District Court,
N. D. Illinois, E. D.

Sept. 26, 1980.

---

Charles Terry pro se.

Mark Rotert, Asst. Atty. Gen., Chicago, for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Petitioner Charles Terry has filed this habeas corpus action pursuant to 28 U.S.C. §§ 2254 and 2255 seeking relief from an Illinois conviction for rape, robbery, and aggravated kidnapping. Terry challenges his conviction on three grounds: 1) that he is not guilty of the crime of rape because the State did not prove he had intercourse with the prosecutrix: 2) that his trial counsel was incompetent; and 3) that the discrepancy between the sentence of 6 to 18 years contained in the report of the trial proceedings and the entry in the common law record of concurrent 6 to 18 year terms for each crime should be resolved in favor of the single term sentence. The Illinois

Appellate Court (First District) affirmed Terry's conviction along with the identical convictions of his three co–defendants in *People v. Jones*, 53 Ill.App.3d 197, 368 N.E.2d 452, 10 Ill.Dec. 857 (1st Dist. 1977), *cert. denied*, (Dkt. 50065, 1978). As the three grounds for relief alleged in the instant habeas corpus action are substantially the same as those raised in the direct appeal, this Court holds that Terry has exhausted all his available state court remedies as required by 28 U.S.C. § 2254(b). Respondents have filed a motion to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, for summary judgment. Since this Court in deciding the motion has reviewed the trial court record, respondents' motion will be treated as one for summary judgment.

Since they are set out at great length in the Illinois Appellate Court's opinion, *People v. Jones, supra*, the facts pertinent to the instant petition need only be synopsized herein. The prosecutrix testified that she was forced into a car containing four men and driven to a house on South Albany in Chicago, Illinois, where she was held by one of the men and raped by another. Although at trial she was able to identify the defendant who actually committed the sexual act (not Terry), she was unable to identify the defendant who held her down. She did testify, however, that all four of her abductors were in the room at the time the rape occurred. While the act was in progress, the police arrived. The prosecutrix testified that the four men ran from the room when they heard the police sirens. Terry was arrested on the stairway of the house on South Albany. The police searched him and found the prosecutrix's wristwatch in his possession.

Although the prosecutrix identified Terry as one of her four abductors at the police station shortly after the attack occurred,[1] she was unable to make a positive identification of him at the trial a year and a half after the attack. The prosecutrix testified that she thought Terry was the man sitting next to her in the back seat of the car who

---

1. This prior identification was not admitted into evidence at trial.

grabbed her wristwatch saying, "Let me have that." She also testified that she thought it was Terry who said, "Stop screaming or we will kill you" while she was in the backseat of the car. The record reveals that during the interval between the crime and his trial Terry had changed his hairstyle and sideburns. In any event, Terry admittedly was at the scene of the crime since his defense at trial was "consent."

In *Jackson v. Virginia*, 443 U.S. 307, 323, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979), the Supreme Court, repudiating the rule of *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), held that federal habeas corpus relief is appropriate in a challenge to a state criminal conviction "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Applying this standard to the evidence in this case, it is abundantly clear that Terry is not entitled to the relief he seeks. Under Illinois law, "[a] person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5–2, or both." Ill.Rev. Stat. ch. 38, § 5–1 (S.H.A.1972). Section 5–2 provides in relevant part:

A person is legally accountable for the conduct of another when:

\*    \*    \*    \*    \*    \*

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he . . . aids, abets, agrees, or attempts to aid, such other person in the planning or commission of the offense.

Ill.Rev.Stat. ch. 38, § 5–2 (S.H.A.1972). Thus, under Illinois law it is not necessary for the State to prove that Terry actually had intercourse with the prosecutrix in order to convict him of the crime of rape. Circumstantial evidence places Terry at the

scene of the crime. Moreover, Terry was in possession of the prosecutrix's wristwatch at the time of his arrest, he was present in the car when the prosecutrix was abducted, and he was present in the room (possibly held the victim down) when the rape was committed. Although Terry apparently did not actually commit the sexual act involved, it can be concluded that he significantly aided in the commission of the offense charged. Illinois courts have consistently upheld convictions based upon an accountability theory in such circumstances. *See e. g., People v. Allen*, 56 Ill.2d 536, 309 N.E.2d 544, *cert. denied*, 419 U.S. 865, 95 S.Ct. 120, 42 L.Ed.2d 102 (1974) (defendant may be accountable for criminal acts done in furtherance of a common purpose or preconceived plan of the group); *People v. Richardson*, 32 Ill.2d 472, 207 N.E.2d 478, *cert. denied*, 384 U.S. 1201, 86 S.Ct. 1935, 16 L.Ed.2d 1023 (1965) (defendant accountable for acts even if not committed pursuant to preconceived plan as long as the evidence shows involvement in spontaneous acts of the group); *People v. Lacey*, 49 Ill.App.2d 301, 200 N.E.2d 11 (1st Dist. 1964) (proof that defendant had intercourse with prosecutrix not necessary for conviction of rape). On the basis of the facts of this case and the relevant Illinois decisions cited above, this Court finds no error in Terry's conviction for the rape charge.[2]

In considering Terry's second claim concerning the incompetence of his trial counsel, the United States Court of Appeals for the Seventh Circuit has said that "we start with a presumption that [counsel] was conscious of his duties to his clients and that he sought conscientiously to discharge those duties." *Matthews v. United States*, 518 F.2d 1245, 1246 (7th Cir. 1975). In a habeas corpus action, a petitioner alleging that his counsel was incompetent must show that counsel was so ineffective as to deny him "legal assistance which meets a minimum standard of profes-

2. Terry also alleges that the State failed to prove that the defendant who had intercourse with the prosecutrix was not her husband. The same claim was raised before, and satisfactori-

ly disposed of by the Illinois Appellate Court. *People v. Jones*, 53 Ill.App.3d 197, 368 N.E.2d 452, 457, 10 Ill.Dec. 857, 862 (1st Dist. 1977).

sional representation." *United States ex rel. Williams v. Twomey*, 510 F.2d 634, 641 (7th Cir. 1975). In the instant case, petitioner Terry alleges that his counsel at trial was incompetent for three main reasons: 1) he failed to object to "crucial testimony;" 2) he did not allow the defendants to testify with regard to the consent defense; and 3) his joint representation of Terry and two other defendants constituted a conflict of interest.

Terry's petition does not specify the "crucial testimony" to which his counsel supposedly failed to object. Moreover, the record is replete with instances in which Terry's counsel actively objected and argued on Terry's behalf to keep irrelevant or prejudicial evidence out of the record. This Court, therefore, finds no merit to this allegation of incompetence.

While it is true that counsel did not present testimony in support of the consent defense, the failure to call witnesses, particularly the defendants themselves, is a tactical decision about which even the most experienced trial counsel regularly disagree. Terry's counsel could have made a tactical decision that such an argument was preferable to placing the defendants on the stand and subjecting them to cross–examination. Furthermore, it is not uncommon for a defendant to second guess his lawyer's decision not to put him on the stand at trial. *See e. g., Sims v. Lane*, 411 F.2d 661, 664–65 (7th Cir. 1969); *United States v. Garguilo*, 324 F.2d 795, 797 (2d Cir. 1963). In any case, the failure to call certain witnesses or present a particular defense may be a tactical error or mistake in strategy, but is not in and of itself a sufficient basis upon which to label counsel incompetent and grant habeas corpus relief.

Finally, although, as a general rule, it is not the best practice for defense counsel to represent more than one co–defendant charged with the same crimes in the same trial, Terry has failed to show how in the instant cause this joint representation resulted in any conflict of interest detrimental or prejudicial to his interests.

The third ground upon which this habeas corpus action is based is Terry's claim that the discrepancy between the sentence of 6 to 18 years contained in the report of the trial proceedings and the entry in the common law record of concurrent 6 to 18 years terms for each crime should be resolved in favor of the single term sentence. This Court agrees with the Illinois Appellate Court's conclusion that the discrepancy should be resolved by looking at the record as a whole. On the basis of a review of that record, this Court concurs in the Illinois Court reasoning that:

> the record as a whole discloses that defendants were indicted for robbery, aggravated battery [sic], and rape; that evidence was introduced as to all of the counts; that there was a finding of guilty on each count; and that defendants were sentenced in accordance with these findings of guilt.... [T]he trial judge, as reflected in the common law record, obviously intended to enter complete judgments by imposing an individual sentence on each finding of guilty.

*People v. Jones*, 53 Ill.App.3d 197, 368 N.E.2d 452, 457, 10 Ill.Dec. 857, 862 (1st Dist. 1977). *See People v. Webb*, 38 Ill. App.3d 629, 347 N.E.2d 486, 492 (1st Dist. 1976); *People v. Gregory*, 77 Ill.App.2d 188, 222 N.E.2d 182, 185 (1st Dist. 1966) (reviewing courts should view record as a whole in resolving inconsistencies between common law record and report of proceedings).

For the foregoing reasons, respondents' motion for summary judgment is granted. It is so ordered.