**UNITED STATES of America ex rel. Rebecca Trammell FULLER, Plaintiff,**

v.

**ATTORNEY GENERAL OF ILLINOIS, Defendant.**

No. 83 C 8058.

United States District Court,
N.D. Illinois, E.D.

May 18, 1984.

Rebecca Trammell Fuller, pro se.

Mark Weinstein, Asst. Atty. Gen., Chicago, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Rebecca Fuller ("Fuller") has filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254. Fuller is currently in the custody of the Illinois Department of Corrections, serving a sen-

tence of seven years for attempted deviate sexual assault, for which she and her husband were jointly convicted on July 2, 1981. On appeal, the Illinois Appellate Court affirmed both convictions, and the Illinois Supreme Court denied leave to appeal.

Fuller challenges her conviction on the following six grounds:

1. The conviction was obtained through a denial of her Sixth Amendment rights to confrontation and cross-examination.

2. The conviction was obtained through prosecutorial misconduct so egregious as to deprive her of due process of law.

3. The Illinois Appellate Court denied her due process and equal protection by failing to apply the "careful review of the evidence" standard required of Illinois reviewing courts in sex offense cases.

4. The evidence is insufficient to support her conviction, particularly the evidence showing her accountability for the crime, resulting in a violation of due process.

5. The conviction was secured through the unconstitutional introduction of similar occurrence testimony, which was so pervasive and prejudicial that it tainted the entire trial and violated her due process rights.

6. In explicitly considering the similar occurrence evidence in sentencing her, the trial court in essence convicted her of those alleged crimes, denying her rights to trial by jury, due process and equal protection.

Presently before the Court is a motion for summary judgment by respondent Illinois Attorney General ("respondent"). For the following reasons, respondent's motion is granted.

## I. *Facts*

Rebecca Fuller and her husband David were indicted for rape, unlawful restraint and attempted deviate sexual assault. The prosecutrix in the case, Dorothy Wojno ("Wojno") testified that she answered an ad for a live-in babysitter that Rebecca had placed in the newspaper. She met the Fullers at a bowling alley and was taken to their home. While there, David gave her a drink which made her "woozy." After a while the conversation turned to sex and "pornography." Rebecca left the room, then returned naked and David began showing a sexually explicit movie. Wojno told defendants she did not want the job and attempted to leave the house. David then sexually attacked her, while Rebecca sat naked on a chair. Wojno finally threw David off her and escaped from the house.

In addition to Wojno, two other women, Dina Purdy and Melody Gibbs, testified that they had also answered Rebecca's ad in the newspaper. Purdy actually lived with the Fullers for a short time. Both women testified that the Fullers had sexually assaulted them while they were in the Fuller home. Defendant's objections to their testimony were overruled.

Rebecca testified in her defense that Wojno had stayed all night with the Fullers at their invitation. Rebecca then drove Wojno to a bus stop in the morning and gave her money for a bus. Rebecca denied that Wojno had been assaulted and that she had appeared naked in Wojno's presence.

## II. *Summary Judgment*

■ Summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). Fuller argues that summary judgment is improper in this case because the petition raises disputed factual issues. The factual issues to which Fuller refers, however, are issues which can be resolved by reviewing the record itself. No evidentiary hearing is required. This Court concludes, after reviewing the record, that respondent is entitled to prevail as a matter of law.

### A. Denial of the Right to Confront and Cross-Examine Witnesses

Fuller's first ground for relief is that she was denied her Sixth Amendment right to

confront and cross-examine witnesses because (1) the trial court held that the two similar occurrence witnesses, Purdy and Gibbs, were protected by the Illinois rape shield statute, Ill.Rev.Stat.1981, ch. 38, ¶ 115–7a; (2) the trial court refused to allow the defense attorney to question one of his own witnesses, Donna Gibbs, concerning her step-daughter Melody Gibbs' reputation for truth and veracity; and (3) the trial court allowed in hearsay testimony regarding a prescription Wojno had for Valium, which the prosecution had introduced to rehabilitate her after defense counsel cross-examined her on her arrest for possession of the Valium and the state's alleged help in obtaining dismissal of the possession charges.

▆▆▆▆ The last two contentions, even if Fuller is correct in arguing that the evidentiary rulings were in error, are not a sufficient basis for granting habeas relief. A conviction should stand unless the claimed evidentiary error "amounted to a fundamental defect so great that it inherently resulted in a complete miscarriage of justice." *Cramer v. Fahner*, 683 F.2d 1376 (7th Cir.), *cert. denied*, 459 U.S. 1016, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982). In this case, neither the refusal to allow Donna Gibbs to testify concerning Melody Gibbs' reputation for truth and veracity, nor the admission of Wojno's testimony that she had a prescription for Valium rises to the level of a "fundamental defect." In addition, defense counsel had an adequate opportunity to cross-examine Wojno about her arrest and prescription, and there is no reason to believe under the circumstances that her testimony that she had a prescrip-

tion was unlikely to be true. Admission of hearsay should therefore not be considered constitutional error. *Davis v. Franzen*, 671 F.2d 1056, 1058 (7th Cir.1982).

▆▆▆▆ Fuller's first contention raises greater difficulty, but we conclude nevertheless that the trial court's refusal to allow in evidence of Gibbs' or Purdy's prior sexual conduct or reputation [1] did not result in a violation of Fuller's Sixth Amendment right to confront the witnesses against her. That right requires that a defendant be given an opportunity for effective cross-examination. *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965). The right to cross-examination, however, "is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297 (1973). The reviewing court must decide, looking to the record as a whole and to the alternative means open to the defendant to impeach the witness, whether "defendant's inability to make the inquiry created a substantial danger of prejudice by depriving him of the ability to test the truth of the witness's direct testimony." *United States v. Rogers*, 475 F.2d 821, 827 (7th Cir.1973), quoting *Fountain v. United States*, 384 F.2d 624, 628 (5th Cir.1967), *cert. denied*, 390 U.S. 1005, 88 S.Ct. 1246, 20 L.Ed.2d 105 (1968); *United States ex rel. Blackwell v. Franzen*, 688 F.2d 496, 500–01 (7th Cir. 1982), *cert. denied*, 460 U.S. 1072, 103 S.Ct. 1529, 75 L.Ed.2d 950 (1983). In making its determination, we must decide whether the

---

1. The trial court based its ruling on the Illinois rape shield statute, which it concluded was applicable not only to the prosecutrix but also to other witnesses. The Appellate Court did not reach this issue, since it concluded that even under prior Illinois law the evidence the defense sought to admit would not have been admissible. Under former law, only the victim's reputation for chastity, not specific acts of unchastity, were admissible in a rape prosecution. *People v. Requena*, 105 Ill.App.3d 831, 836, 61 Ill. Dec. 636, 435 N.E.2d 125 (1982). The Appellate Court concluded that defense counsel's offer of proof included only specific acts.

Whether the rape shield law should have been applied in this case is not an issue we should determine, since that is a matter of state law. *United States ex rel. Burnett v. Illinois*, 619 F.2d 668, 671 (7th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). Rather, we must decide whether, no matter what the reason for the state court ruling, refusal to permit Fuller to delve into the witnesses' prior sexual conduct violated her Sixth Amendment rights.

probative value of the excluded evidence "was such that the defendant's right to effective cross-examination was substantially diminished." *United States ex rel. Blackwell v. Franzen,* 688 F.2d at 501.

■ Several federal courts, using these standards, have upheld the application of state rape shield statutes and the rape shield rule found in Federal Rule of Evidence 412. *See, e.g., Bell v. Harrison,* 670 F.2d 656 (6th Cir.1982); *Logan v. Marshall,* 680 F.2d 1121 (6th Cir.1981); *United States v. Nez,* 661 F.2d 1203 (10th Cir. 1981). The constitutional justification courts give for excluding evidence of past sexual behavior or reputation evidence for unchastity is that such evidence is not a relevant indicator either of the likelihood of the victim's consent to a specific act or of her veracity, and the accused is not constitutionally entitled to present irrelevant evidence. *Doe v. United States,* 666 F.2d 43, 47 (4th Cir.1981); *United States v. Kasto,* 584 F.2d 268, 271–72 (8th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979). These courts nevertheless recognize that in some circumstances prior sexual conduct may be probative and therefore relevant and should be admitted, for instance (1) where the evidence explains a physical fact in evidence at trial, such as presence of semen, pregnancy,[2] or the victim's physical condition indicating intercourse; (2) where the evidence tends to establish bias, prejudice or ulterior motive surrounding the rape charge; or (3) where the victim has engaged in a prior pattern of behavior clearly similar to the conduct involved in the present case. *United States v. Kasto,* 584 F.2d at 271. In some instances, the evidence might also be admissible to show the accused's state of mind. *Doe v. United States,* 666 F.2d at 48.

Fuller did not offer the excluded evidence for any of these purposes. The Fullers sought to introduce evidence from a doctor that Gibbs, who was 16 at the time of the occurrence, had been on birth control pills since she was 13 or 14, and evidence from Donna Gibbs that Melody had been thrown out of high school for promiscuous behavior and also had had an incestuous relationship with her brother. Their purpose was to prove Melody's consent and to impugn her veracity, particularly in regard to her testimony concerning forced sexual acts with several others besides the Fullers in their home. The proffered evidence is at most only marginally relevant for those purposes.

Looking at the record as a whole, it cannot be said that Fuller's inability to inquire into these alleged prior sexual acts "created a substantial danger of prejudice." *Fountain v. United States,* 384 F.2d at 628. In addition to the minimal probative value of the evidence is the fact that the Fullers had ample alternative means to impeach Gibbs, through cross-examination undermining parts of her story and through the testimony of Rebecca Fuller and Donna Gibbs. A further consideration is that Gibbs' consent or lack of consent was not a central issue in the case. Her testimony was offered to prove the defendants' *modus operandi,* and her prior sexual acts were of no relevance at all to that issue or to the fundamental issue in the case—whether the Fullers committed a similar act against the prosecutrix Wojno.

## B. Prosecutorial Misconduct

Fuller's second contention is that her conviction was obtained through prosecutorial misconduct. She argues she was deprived of due process because (1) one of the

---

**2.** *See Moore v. Duckworth,* 687 F.2d 1063 (7th Cir.1982), where the court recognized the valid purposes behind Indiana's rape shield law while questioning its application in the particular case: The victim was six months pregnant by someone else. The judge ruled the fact of her pregnancy inadmissible under the rape shield law and took extraordinary measures to hide it from the jury. The defendant argued that the jury must have known of the pregnancy and that absent an explanation would take it as evidence of his guilt. The Seventh Circuit upheld the Indiana Supreme Court's factual finding that the jury did not find out the victim was pregnant; it nevertheless questioned whether a stipulation and instruction to the jury that she was pregnant by someone else should be considered "evidence of the victim's past sexual conduct" which the Indiana statute was designed to make inadmissible.

prosecutors failed to inform the defense attorney of Wojno's arrest until the day she was to take the stand, even though he had been specifically asked to provide information on the witnesses' criminal history three days before and had denied there was any; (2) the prosecutor made several material, prejudicial misstatements of the evidence in his closing argument; and (3) the prosecutors threatened to levy criminal charges against the defense attorney for investigations of witnesses made during trial.

■ In ruling on the first and third arguments raised by Fuller, the Appellate Court held that the evidence did not support Fuller's allegations of misconduct. These findings are entitled to a presumption of correctness, *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981), and we cannot say that the conclusions reached by the Appellate Court are not "fairly supported by the record." 28 U.S.C. § 2254(d)(8). As to the first charge, the record simply does not support defendant's allegation that Wojno was offered consideration for her testimony in the form of help getting her valium possession case dismissed. The three-day delay in revealing the arrest and the alleged consideration, even if intentional (and the record does not require such a conclusion), was not sufficiently prejudicial to have had an impact on the outcome of the case, particularly since defense counsel did not even ask for a continuance and, in fact, cross-examined Wojno extensively concerning the arrest. No violation of due process has therefore been shown. *United States v. Agurs*, 427 U.S. 97, 110–112, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976); *Ruiz v. Cady*, 710 F.2d 1214, 1216 (7th Cir.1983).

■ As to the third charge, the record supports the Appellate Court's finding that the prosecutor simply requested the trial court to admonish defense counsel not to permit his investigators to harass a witness and stated his intention to enforce, if necessary, the section of the criminal code designed to prevent such harassment. There is no evidence that this "threat" impermissibly obstructed defense counsel's investigation.

■ Fuller's second allegation, that the prosecutor made impermissible comments in his closing remarks, was not raised on appeal. In fact, only one of the comments to which Fuller now objects was even the subject of an objection at trial. Without a showing of cause for the failure to raise the issue and of prejudice, we cannot review the issue now. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983). Fuller argues that space limitations confronting her attorney on appeal prevented him from detailing every instance of prosecutorial misconduct. This is insufficient to show cause for failure to raise the issue on appeal, since the Appellate Court could not be expected to assume the closing statement was an issue. *See Spurlark*, 699 F.2d at 357. Fuller does not explain at all why only one comment was objected to at trial. Under the circumstances, Fuller has therefore waived habeas corpus review of this issue.

C. Sufficiency of the Evidence and Adequacy of Appellate Court Review

■ Fuller argues that her conviction was unsupported by the evidence and therefore cannot stand, since the due process clause protects against conviction absent proof beyond a reasonable doubt, citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh. denied* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). *Jackson* establishes the standard for reviewing the sufficiency of the evidence: if, after construing all inferences and conflicts in the evidence in the light most favorable to the government, *any* rational trier of fact could have concluded the defendant committed the crime beyond a reasonable doubt, habeas corpus relief should be denied. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

Applying the standard enunciated in *Jackson*, this Court cannot conclude that

the evidence is insufficient to support Fuller's conviction. The trier of fact, whose duty it is to resolve questions of credibility, *Maggio v. Fulford,* 462 U.S. 111, 103 S.Ct. 2261, 2264, 76 L.Ed.2d 794 (1983), could easily have concluded that Rebecca Fuller and other defense witnesses were less credible than the prosecution witnesses.

Fuller also argues that the evidence was insufficient to support a finding that she should be held accountable for her husband's alleged attack on Wojno, since even according to Wojno she simply sat in a chair and watched. Again, however, the evidence is sufficient to support Rebecca Fuller's accountability: she placed ads in the newspaper, helped arrange for meeting and bringing the three women to the Fuller house and according to both Purdy and Gibbs participated in the sexual assault on them. The jury could easily infer that she significantly aided in the commission of the offense against Wojno, even if she did not participate in the attack itself. *See United States ex rel. Terry v. Franzen,* 503 F.Supp. 63, 65 (N.D.Ill.1980), *aff'd without opinion,* 714 F.2d 149 (7th Cir.1983). She can therefore be held accountable for the crime under Illinois law. Ill.Rev.Stat.1981, ch. 38, § 5–2.

Fuller also argues that she was denied due process and equal protection because the Illinois Appellate Court did not carefully review the evidence. We disagree. The 3300-page record contains ample evidence to support Fuller's conviction.

### D. Similar Occurrence Evidence

Fuller argues that admitting the similar occurrence evidence of Purdy and Gibbs was so prejudicial that it tainted the entire trial. We disagree.

■ Under Illinois law, as well as under federal law, prior bad acts of the accused are not admissible to prove character or propensity to commit the crime in question, but are admissible for other purposes, including to show a common design or *modus operandi* and to prove motive or intent. *People v. McDonald,* 62 Ill.2d 448, 455, 343 N.E.2d 489 (1975); Fed.R.Evid. 404(b). The trial court admitted Purdy's

and Gibbs' testimony as evidence of a common scheme or design, and that conclusion was upheld by the Appellate Court, which found the Purdy and Gibbs occurrences similar enough to Wojno's testimony to show such a common scheme. The court noted among other things that all three victims were young girls who answered virtually identical newspaper advertisements placed by Fuller under her maiden name; defendants brought each to their home for an interview; while in defendants' home all three girls were shown movies or magazines which the court characterized as pornographic but which contained, at the least, nude pictures; David committed or attempted to commit deviate sex acts and sexual intercourse with each of the three girls; and Rebecca appeared in the nude in all three instances and directly participated in two of the sexual assaults, of Purdy and Gibbs.

■ Habeas corpus review of a state court's admission at trial of evidence of other bad acts is limited to determining whether the petitioner's right to a fair trial under the due process clause was violated. *United States ex rel. Bleimehl v. Cannon,* 525 F.2d 414, 420 (7th Cir.1975). Only if "the probative value of such evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission, [does] the use of such evidence by a state ... rise to the posture of the denial of fundamental fairness and due process of law." *Bleimehl,* 525 F.2d at 420, quoting *United States ex rel. Durso v. Pate,* 426 F.2d 1083, 1086 (7th Cir.1970), *cert. denied,* 400 U.S. 995, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971).

■ This Court cannot say in the present case that admission of Purdy's and Gibbs' testimony of prior sexual assaults by the Fullers violated Fuller's due process rights. The similarities between the three occurrences are such that Purdy's and Gibbs' testimony is highly relevant to show a common scheme or design and thus to prove that the assault on Wojno actually took place. The evidence is especially rele-

vant also to prove Rebecca Fuller's motive or intent in the Wojno assault. Any prejudice to Rebecca Fuller from this testimony does not, however, outweigh the high probative value of the evidence. We agree with the conclusion of the Appellate Court that, even applying the standard of the Federal Rules of Evidence that other crime evidence must be "clear and convincing,"[3] the testimony in this case was admissible. It is within the discretion of the trial court to determine the relevance and probative value of other crimes evidence and to weigh that against the prejudice to defendants. *Durso*, 426 F.2d at 1086. This Court cannot conclude that in this case the trial court abused its discretion, or that admission of the testimony of Purdy and Gibbs rises to the level of a due process violation.

Fuller also argues that, given the prejudicial nature of this evidence, the trial court's denial of her request for severance violated her right to due process. Denial of a motion for severance, however, does not rise to the level of a violation of due process unless the prejudice is so clearly shown that refusal of a severance is an abuse of discretion. *Durso*, 426 F.2d at 1089. We find no abuse of discretion in this case. No evidence was admitted against David which was not admissible against Rebecca. The evidence which Fuller claims is so highly prejudicial against her would be admissible, even were she to have a separate trial, to prove common scheme, motive, or intent. Nor was Fuller precluded from raising an antagonistic defense. Her defense to all three incidents was denial that they occurred, at least in her presence; this was the defense raised at trial.[4]

Fuller's third argument concerning other crimes evidence is that the trial court erred in admitting out-of-court statements of her co-defendant against her, under the co-conspirator exception to the hearsay rule. This Court agrees with the Appellate Court that the record contains sufficient independent evidence of conspiracy to permit admission of the statements. *See United States v. James*, 590 F.2d 575, 581–82 (5th Cir.), *cert. denied* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979); *People v. Goodman*, 81 Ill.2d 278, 284, 41 Ill.Dec. 793, 408 N.E.2d 215 (1980).

Finally, Fuller argues that the trial court's failure to give a limiting instruction at the time of Purdy's and Gibbs' testimony deprived her of a fair trial and due process of law, although the instruction was given at the close of all the evidence. In a collateral attack, not of an erroneous instruction, but of a state trial court's failure to give a requested instruction, the petitioner "has a particularly heavy burden of establishing a constitutional violation." *United States ex rel. Swimley v. Nesbitt*, 608 F.2d 1130, 1133 (7th Cir.1979). That burden is even heavier where the only objection is that the instruction was not given when the defendant requested it during the trial, but was given instead at the close of the evidence. This Court cannot conclude that the trial court's decision to give the instruction at the close of the evidence misled the jury and so tainted the trial that Fuller's right to a fair trial was violated.[5]

### E. Sentencing

The final argument raised in Fuller's petition is that the trial court impermissibly considered the similar occurrence

---

**3.** *See United States v. Berkwitt*, 619 F.2d 649, 655 (7th Cir.1980).

**4.** This Court expresses no opinion as to whether David Fuller was prejudiced by the denial of severance. At one point in the proceedings he said he planned to raise a consent defense, R. 291–309, which could conceivably be inconsistent with Rebecca Fuller's denial defense. David Fuller did not testify at trial. (He also does not appear to have raised this issue on appeal.)

**5.** Fuller also argues that the repeated reference at trial to "pornography" violated her right to a fair trial. This issue was not raised on appeal, and no reason for the failure to raise it has been brought to this Court's attention. The issue must therefore be considered waived. *Spurlark, supra.*

evidence in sentencing her, thus denying her due process by convicting her of those other crimes without proof of guilt beyond a reasonable doubt. This issue, however, was first raised after the Appellate Court decision in a motion to remand and then on appeal to the Illinois Supreme Court. Although Fuller has exhausted her state court remedies because she did provide a belated opportunity for the state courts to consider this issue, her failure to raise the issue earlier constitutes a waiver under Illinois law, *People v. Kamsler*, 40 Ill.2d 532, 240 N.E.2d 590 (1968), *cert. denied*, 394 U.S. 911, 89 S.Ct. 1027, 22 L.Ed.2d 224 (1968), thus precluding a habeas court from reviewing the issue absent a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir. 1983). Fuller offers no explanation for her failure to raise the sentencing issue at trial or initially on appeal. This Court therefore cannot consider her claim.

### III. *Conclusion*

For the foregoing reasons, this Court concludes that Fuller's petition for habeas corpus relief must be denied and summary judgment granted for respondent. It is so ordered.