**UNITED STATES of America ex rel. Jean DeSAVIEU, Plaintiff,**

v.

**Michael LANE, et al., Defendants.**

No. 84 C 10314.

United States District Court, N.D. Illinois, E.D.

Oct. 29, 1985.

Jean DeSavieu, pro se.

Mark Rotert, Salle L. Dilgart, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Following a jury trial in state court, Jean DeSavieu ("DeSavieu") was convicted of murder and sentenced to jail for forty years. He lost an appeal and unsuccessfully petitioned the Supreme Court of Illinois for review. He now petitions this Court *pro se* under 28 U.S.C. § 2254 for a writ of habeas corpus, asserting the same ten errors that he asserted in his appeal to the State Appellate Court. For the reasons stated below, his petition is denied.

The relevant facts are set forth in the appellate opinion, *see People v. DeSavieu,* 120 Ill.App.3d 420, 76 Ill.Dec. 104, 458 N.E.2d 504 (1st Dist.1983), and will not be repeated here, except where germane to the legal issues discussed below. To summarize, DeSavieu was found guilty of murdering Raymond Johnson ("Johnson"), a firefighter, on an "L" platform. While the two were fighting, DeSavieu fell onto the train tracks. From there DeSavieu pulled a gun and shot Johnson in the abdomen. DeSavieu climbed back onto the platform and struggled again with Johnson. More shots were fired, including one which hit Johnson in the neck. Either of the two wounds could have killed Johnson. DeSavieu claimed self-defense at trial and refused a jury instruction on voluntary manslaughter.

DeSavieu raises ten issues in his petition, to which the State responds both procedurally and substantively. First, it claims that most of these claims were waived for purposes of collateral federal review because (1) they had not been properly objected to and therefore preserved at trial, and/or (2) they had not been properly presented in a post-trial motion in state court. Second, the State argues that DeSavieu's claims either raise no federal constitutional issue or are simply meritless. Of the ten claims DeSavieu raises in his petition, only three are considered in his brief. Accordingly, we will focus on those claims first. However, since DeSavieu is proceeding *pro se,* we have also reviewed and briefly discuss in this opinion the claims raised in his petition, but not briefed.

### A. *The Voluntary Manslaughter Issues*

DeSavieu raises two arguments concerning his conviction for murder, rather than voluntary manslaughter. First, he claims that the trial court failed to determine whether he had knowingly and intelligently waived his right to a jury instruction on the lesser included offense of manslaughter. Second, he claims alternatively that the evidence failed to support a murder conviction but at most supported a conviction for manslaughter.

■ At the outset we reject the State's argument that the above and other of DeSavieu's claims were waived when he alleg-

edly failed to include those claims in his written post-trial motion for a new trial. A state appellant must include claims in such a post-trial motion in order to preserve them for appeal. *See* Ill.Rev.Stat. ch. 38, ¶ 116–1; *People v. Nelson,* 41 Ill.2d 364, 36, 243 N.E.2d 225, 226 (1968); *People v. Beasley,* 109 Ill.App.3d 446, 449, 65 Ill.Dec. 106, 108, 440 N.E.2d 961, 963 (1st Dist.1982). Moreover, such a procedural waiver also amounts to a waiver of the claims for federal habeas corpus purposes, absent "cause and prejudice" for the waiver. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *U.S. ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (en banc). Nevertheless, we do not agree that the arguments were waived on this basis. The State raised this particular waiver issue in its brief on appeal, and DeSavieu (then represented by counsel) opposed the argument. The appellate court never discussed this waiver issue and indeed reached the merits of several of the issues allegedly waived on this basis. Because of the foregoing, we conclude that the appellate court decided implicitly that the issues appealed were not waived because of a defective post-trial motion. We of course will not disturb such a state law ruling, even an implicit one, on collateral review. *Cf. United States ex rel. Crist v. Lane,* 745 F.2d 476, 482 (7th Cir.1984) (if state court ignores a procedural default and reaches merits, federal court may reach merits as well), *cert. denied,* —— U.S. ——, 105 S.Ct. 2146, 85 L.Ed.2d 503 (1985).

The State makes a separate waiver argument, however, which does have merit concerning the trial court's failure to give a voluntary manslaughter instruction to the jury.[1] It appears that DeSavieu's trial counsel had prepared such a "lesser included offense" instruction, but that DeSavieu disagreed with counsel's advice, directed him not to tender the instruction and signed a waiver to that effect. Following *Sykes* and *Isaac,* we hold that this waiver of the instruction constitutes a waiver of the issue for habeas corpus purposes as well, absent "cause and prejudice" for the waiver. DeSavieu contends that he did not knowingly and intelligently waive his right to the instruction. Presumably, he is arguing that his involuntary waiver amounts to both cause for the waiver and prejudice requiring a new trial. Even if we were to assume that a knowing and intelligent waiver on his part is constitutionally required, and that an involuntary waiver would constitute "cause" under *Sykes,* the State Appellate Court in reviewing the record found that the waiver was knowing and intelligent. *See* 120 Ill.App.3d at 426, 76 Ill.Dec. at 108, 458 N.E.2d at 508. DeSavieu has not persuaded us that this finding was incorrect.

Even if this claim were not waived, habeas relief would be foreclosed since no federal constitutional claim has been raised. While in Illinois, as well as federal court, a defendant has the right, if he requests, to an instruction on a lesser included offense (such as manslaughter) if it has a minimal foundation in evidence, *see, e.g., United States v. Creamer,* 555 F.2d 612, 616 (7th Cir.1977) (*reh'g denied*), *cert. de-*

---

1. Illinois defines the crime of voluntary manslaughter as follows:

    (a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

      (1) The individual killed,

       \*     \*     \*     \*     \*     \*

    (b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if

they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code [defining, e.g., self-defense], but his belief is unreasonable.

DeSavieu believes that a voluntary manslaughter conviction was possible under either of the two definitions above. First, he claims that his fight with Johnson constituted a "mutual struggle" which reasonably excited his intense and sudden passion. Second, he argues that he acted in self-defense, but even if not, his unreasonable belief that he was acting in self-defense warranted, at most, a manslaughter conviction.

*nied,* 434 U.S. 833, 98 S.Ct. 118, 54 L.Ed.2d 93 (1977); *People v. Frank,* 98 Ill.App.3d 388, 396, 54 Ill.Dec. 49, 55, 424 N.E.2d 799, 805 (2d Dist.1981), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982), the failure of a state court to give such an instruction generally does not "present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *United States ex rel. Peery v. Sielaff,* 615 F.2d 402, 404 (7th Cir.1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 794 (1980), *quoting James v. Reese,* 546 F.2d 325, 327 (9th Cir.1976). The omission of the instruction would warrant habeas relief only if it amounted to a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Id., quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). DeSavieu carries an "especially heavy" burden of proving that an omitted instruction so fundamentally sabotaged his right to a fair trial. *Id.* He has not met this burden. He claims that the trial court had a duty to give the instruction, *sua sponte,* over his objection. While Illinois courts apparently give a trial court discretion to issue the instruction *sua sponte,* they do not compel it to do so. *See People v. Taylor,* 36 Ill.2d 483, 489, 224 N.E.2d 266, 270 (1967). The appellate court here found no abuse of discretion. 120 Ill. App.3d at 425, 76 Ill.Dec. at 108, 458 N.E.2d at 108. If, as *Peery* holds, a failure to give a *requested* voluntary manslaughter instruction violates the federal constitution only in exceptional circumstances, failure to give, *sua sponte,* an apparently *unwanted* voluntary manslaughter instruction raises a constitutional problem only in extremely rare cases. This is not such a rare case. The failure to give this instruction *sua sponte* did not inherently result in a complete miscarriage of justice.

■ We also reject DeSavieu's alternative argument that the evidence at most shows that he committed manslaughter, not murder, and that the conviction must be accordingly reduced. In this regard,

DeSavieu does raise a colorable constitutional issue. In *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh'g. denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), the Supreme Court held that habeas corpus relief may be granted if, after construing all inferences and conflicts in the evidence in the light most favorable to the government, *no* rational trier of fact could have concluded beyond a reasonable doubt that the defendant committed the crime charged. 443 U.S. at 319, 99 S.Ct. at 2789; *United States ex rel. Fuller v. Att'y Gen'l of Illinois,* 589 F.Supp. 206, 211 (N.D.Ill.1984) (Aspen, J.), *aff'd w/o opinion,* 762 F.2d 1016 (7th Cir. 1985). However, after reviewing the conflicts in the evidence, we agree with the Illinois Appellate Court that a reasonable jury could have found DeSavieu guilty of murder beyond a reasonable doubt. 120 Ill.App.3d at 426, 76 Ill.Dec. at 108, 458 N.E.2d at 504. DeSavieu essentially asks us to believe his version of the story, not that of other witnesses. A reasonable jury could have chosen to disbelieve him and believe them. We cannot reverse their finding, even if we believed that DeSavieu's story were the more credible one.

### B. *Alleged Prosecutorial Misconduct*

■ DeSavieu challenges several of the prosecutor's tactics, which he argues were intended to, and did in fact, inflame the passions of the jury and deprive him of a fair trial. Specifically, he complains of the prosecutor's repeated references to Johnson as a firefighter, of the introduction in evidence of a photograph of Johnson and his family, of references to Johnson's family and of repeated characterizations (over sustained defense objections) of Johnson as "the victim." DeSavieu admitted in his appellate brief, at 57, that he failed to object at trial to all but the "victim" remarks. The Appellate Court held that these failures to object waived the alleged errors for appeal. 120 Ill.App.3d at 432, 76 Ill.Dec. at 113, 458 N.E.2d at 513. Once again following *Sykes* and *Isaac,* we must

hold that DeSavieu cannot resuscitate those claims for habeas corpus review.

With respect to the characterization of Johnson as a victim, the Appellate Court held that such remarks, even if improper, did not deprive DeSavieu of a fair trial considering all of the evidence in the case. *Id.* We agree.

■ In habeas corpus review, a district court may approach alleged prosecutorial misconduct in one or both of two ways. It may report the prosecutor to the appropriate disciplinary board, and/or it may grant the writ, if the comments did in fact deny the defendant due process. *See United States ex rel. Crist v. Lane,* 745 F.2d 476, 482 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2146, 85 L.Ed.2d 503 (1985). To decide whether due process was denied, we consider not the culpability of the prosecutor, but how his or her conduct affected the fairness of the trial when viewed in its entirety. *Id.*

> The focus of federal due process review is to ensure that alleged improper prosecutorial argument does not warp the factfinding function of the jury by deflecting its attention from the evidence presented at trial.... The Constitution guarantees a fair trial, not a perfect one. *Jentges v. Milwaukee County Circuit Court,* 733 F.2d 1238, 1244 (7th Cir.1984). A trial is fundamentally fair if it results in a verdict reached through consideration of evidence properly admitted and which is untainted by improper influences. Thus, it is the totality of the effect of the alleged errors, not their mere presence or their number, which gives rise to, or defeats, a due process claim. *Id.* at 1242. *Rose v. Duckworth,* 769 F.2d 402, 405 (7th Cir.1985).

*Id.; see also United States ex rel. Dampier v. O'Leary,* 595 F.Supp. 747, 751 (N.D. Ill.1984) (Aspen, J.), *aff'd on opinion below,* 774 F.2d 1168 (7th Cir.1985). The prosecutor's characterization of Johnson as "the victim" so tainted the trial that the jury did not base its decision on the evidence before it. Considering the record before us, the conduct was not so inflammatory or prejudicial that the trial was unfair.[2]

### C. *Other Issues*

■ DeSavieu raises a host of other issues by referring us to his state court appellate brief. First, with respect to his argument that the trial court did not allow him to probe one witness about current drug usage and a past conviction for such use, the Appellate Court held that he had failed to preserve the issue for appeal. 120 Ill.App.3d at 428–30, 458 N.E.2d at 110–11. Although the court also reached the merits on these issues, its rulings on waiver constituted an independent and adequate state law ground for the decisions, which foreclose federal habeas corpus review, absent "cause and prejudice." *See Farmer v. Prast,* 721 F.2d 602, 606 (7th Cir.1983). No such "cause" has been shown. Second, DeSavieu's challenge to the length of his sentence presents no cognizable federal constitutional issue. Third, we perceive no constitutional error concerning the conduct of *voir dire.* Finally, we have examined DeSavieu's remaining claims and find them similarly lacking in merit.

### D. *Conclusion*

For the foregoing reasons, DeSavieu's petition for a writ of habeas corpus is denied, and judgment is entered for the State. It is so ordered.

---

**2.** Nor are we inclined to report the prosecutor to the disciplinary board, although the prosecutor should stand warned that his conduct was ill-advised and could get him into trouble in the future.