Keith ROMINE, Petitioner,

v.

Jack R. DUCKWORTH and Indiana Attorney General, Respondents.

No. S 85–250.

United States District Court,
N.D. Indiana,
South Bend Division.

March 6, 1986.

Keith Romine, pro se.

R. Lee Money, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by Keith Romine, an inmate incarcerated at the Indiana State Prison, in Michigan City, Indiana. The matter is now before this court on respondents' motion to dismiss, filed as part of their Return to Order to Show Cause. In accord with the dictates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court.

A careful examination of the underlying state court record and the opinion of the Supreme Court of Indiana, *Romine v. State,* — Ind. —, 455 N.E.2d 911 (1983), reveals that petitioner has exhausted his available state court remedies per 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Both sides having briefed their respective positions, this petition is now ripe for ruling.

Petitioner was convicted in a state court jury trial of murder for which he received a determinate sentence of fifty (50) years. This conviction was unanimously affirmed on appeal by the Supreme Court of Indiana. Petitioner now brings this petition for a federal writ of habeas corpus.

Petitioner raises the following issues in this application for habeas relief:

(1) Petitioner was denied his Fifth and Fourteenth Amendment rights when the trial court admitted into evidence, over objection, involuntary statements made while in custody at the time of arrest.

(2) Petitioner was denied his Fifth and Fourteenth Amendment rights when the trial court admitted into evidence, over objection a confession taken during interrogation after petitioner requested an attorney be present.

(3) Petitioner's constitutional rights were denied him when the trial court allowed testimony that the defendant had blood on his hand, to go to the jury.

(4) Petitioner's constitutional rights were violated when the trial court allowed testimony of a three year old threat to be introduced as evidence.

(5) Petitioner's constitutional rights were violated when the trial court allowed photos of the victim to be shown to the jury which had incisions made by medical persons.

## I.

Justice DeBruler, writing for the Supreme Court of Indiana summarized the evidence as follows:

Appellant Romine and his wife Tammy were at R.J.'s Bar in Terre Haute at a 11:30 p.m. on February 19, 1981. They were acquainted with others there. The two argued and he left, returning an hour later. He was then seen standing near her. She then fell to the floor, and he hurriedly left. She was found to be stabbed and died shortly thereafter at the hospital.

A couple of hours later, at a 5:00 a.m., appellant appeared at the trailer of a friend. He told his friend that he had stabbed Tammy and he thought she was dead. The friend testified that appellant was not drunk and did not appear to be on drugs, and that his speech was not slurred, he did not stagger or stumble and appeared to know what he was saying. Appellant hugged his friend several times and his friend could not detect the smell of alcohol. Appellant pulled a knife out and showed it, saying that he had stabbed Tammy with it. There was blood on the knife. Appellant then called his mother on the telephone and stated that he had killed his wife and was going to kill himself rather than go to prison, and described to her the type of funeral he wanted for himself and his wife. At 6:00 or 6:30 a.m., two police officers arrived at the trailer and arrested him. They found him in a bedroom sitting on a bed in a state of suicidal depression with the knife at his own chest. One of the officers talked with him for fifteen or twenty minutes and ultimately convinced him to give him the knife. When he gave the knife over he said: "Here, this is evidence." They moved into the kitchen of the trailer where appellant was informed of his privilege against self-incrimination and right to counsel. Appellant then said, she was up there and there was nothing he could do. Appellant testified on his suppression motion that he was then drunk, under the influence of marijuana, had not slept for two days, and had recently learned that his wife had died. The officers testified that he was sober and knew what he was doing.

By 8:30 a.m., appellant was in the station-house, and was again read his *Miranda* rights, and this time signed a written waiver of those rights. He then discussed the case in general form with police. At one point in the discussion appellant stated to his interrogators, "Oh, I'd better wait till I talk to an attorney." Whereupon one of the interrogators did respond. "We told him that was his right if he wanted to stop answering. Then he started talking on it again." That testimony continued:

"Q. Okay. Did he start up again on his own—as you recall?

A. As I remember, yeah.

Q. Did anybody—I shouldn't say anybody—did any of the three of you attempt to contact his attorney?

A. No."

Appellant then engaged in giving a formal written confession in question and answer form in which it was recorded that he admitted stabbing his wife at the R.J.'s Bar.

This court adheres to the presumption of correctness afforded the factual determinations made by the state court as set forth in 28 U.S.C. § 2254(d) and *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), and adopts the above summary as a correct statement of the evidence after a careful review of the record before this court. Furthermore, petitioner does not dispute the facts he only disagrees with the inferences to be drawn from some of those facts.

## II.

Petitioner first claims as unconstitutional the admittance of two particular statements made by the petitioner while at the trailer of his friend. The first statement petitioner asserts should not have been admitted was the statement, "Here, this is evidence," made by the petitioner when he handed the police officer a knife with which he had been threatening suicide. This statement was made after the police had spent fifteen (15) to twenty (20) minutes talking petitioner out of committing suicide. Petitioner was then read his rights and given coffee, as earlier promised. During the time petitioner was drinking coffee he made the statement, "... She was up there, and there was nothing he could do ...". Petitioner contends that these statements were made as a result of a police interrogation while he was in custody. He further claims that these statements were made when he was intoxicated

and suffering from lack of sleep, thus making his statements inadmissible.[1]

█ It is evidently petitioner's argument that the verbal exchanges between himself and the police officers during the time the petitioner was threatening suicide was an attempt to interrogate petitioner concerning his wife's death. Petitioner was undoubtedly in a state of excitement and the police were making every effort to verbally persuade petitioner to abandon his threats of suicide. The Supreme Court in *Rhode Island v. Innis*, (1980), 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297, defined "interrogation", as "words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." The Supreme Court has further held, "[T]he safeguards[2] do not apply, and no showing of a valid advice of rights and waiver of rights is required, where custodial interrogation is not conducted." *Edwards v. Arizona*, (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378. The verbal efforts and conduct initiated to persuade petitioner to abandon his suicide threats do not constitute custodial interrogation as envisioned by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and its progeny.

█ The second statement made by petitioner which he claims was improperly admitted into evidence occurred after petitioner surrendered and was advised of his rights. Petitioner was having coffee in the living room of his friend's trailer at the time of the statement concerning his wife "being up there ...". The statement was not made during custodial interrogation

---

1. Petitioner contends on several of his issues that because of his intoxicated condition that he could neither knowingly or intelligently waive his rights, therefore any statements or confessions which were made were inadmissible. The trial court held a pretrial hearing on petitioner's motion to suppress these statements and confession. After having heard the evidence the court denied the motion and found that petitioner was not intoxicated and was aware of his rights and knowingly and intelligently waived those rights.

The only testimony or evidence supporting petitioner's claim that he was intoxicated was his own testimony at the pretrial hearing. The prosecution presented strong evidence that petitioner was aware of his rights, alert and sober during the crime, the events at the trailer and at the police station.

2. Those rights as commonly referred to as *Miranda* rights.

and, was not a response to custodial interrogation. Furthermore, petitioner has failed to show that this particular statement was incriminating. Petitioner does not show that his statement was in any way a response to police words or actions which the police should know were reasonably likely to elicit an incriminating response. *Rhode Island v. Innis, supra.*

■ Both of the above statements referred to by the petitioner were volunteered statements and not the subjects of any custodial interrogation. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today. *Miranda v. Arizona, supra.* The admission of these two statements at petitioner's trial did not violate petitioner's Fifth and Fourteenth Amendment rights nor deny him a fair trial.

### III.

Petitioner's second contention is that his Fifth and Fourteenth Amendment rights were violated when a confession was improperly admitted into evidence. Petitioner claims that the confession was a result of a custodial interrogation during which petitioner requested counsel and none was provided. Petitioner cites *Edwards v. Arizona, supra,* and *Smith v. Illinois,* 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984) as supportive authority.

In the *Miranda* case, the Supreme Court established certain procedural safeguards to be afforded to individuals taken into police custody and then interrogated. Petitioner asserts that after he was given his *Miranda* rights, which he expressly waived and after which waiver he began to talk of the crime, he made the statement, "Oh, I'd better wait till I talk to an attorney." Petitioner claims that under the holding in *Edwards* and *Smith,* the police could not resume interrogation and since he was not given an attorney before he continued to talk of the crime, his confession was obtained in violation of his constitutional rights.

The standard enunciated in *Edwards* is not an absolute bar to any further communications between the police and the accused as petitioner asserts. Rather, the following was the holding of the *Edwards* case:

> We further hold that an accused such as Edwards, having expressed his desire to deal with police only through counsel is not subject to further interrogation by the authorities until counsel is made available to him, unless the accused himself initiates further communications, exchanges or conversations with police.

*Edwards, supra.* The *Smith* case further delineates the process for a court in determining whether a waiver of Miranda rights is valid stating:

> First, courts must determine whether the accused actually invoked his right to counsel. . . .
>
> Second, if the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked." (cite omitted)

The Supreme Court of Indiana found that petitioner had met the requirements of the first determination, that being invoking the right to counsel. *Romine v. State, supra* at 914. Yet, the Court found that while the invocation of the right to counsel was sufficient, it remained somewhat ambiguous with regard to the specific concern which propelled it. *Id.* The Court went on to find that the prosecution had shown more than the prosecution in the *Edwards* case, and that petitioner had knowingly and intelligently relinquished his right to counsel. *Id.*

■ After a very careful review of the record this court finds that petitioner did invoke his right to counsel and subsequently, knowingly and intelligently waived that right when he initiated further communications with the police concerning the crime. Petitioner had previously volunteered statements, he had been given his Miranda rights twice, the second time to which he

indicated that he understood those rights and willingly signed a waiver form and then submitted to police interrogation concerning the crime. Furthermore, evidence at trial indicated petitioner was aware of and understood his rights and knowingly waived those rights before the commencement of the custodial interrogation. Petitioner then made the statement that maybe he should wait and talk to an attorney at which time the interrogation stopped. The record discloses that it was the petitioner who then initiated further communications resulting in the confession.

■ The question of waiver must be determined on the particular facts and circumstance surrounding that case, including the background, experience and conduct of the accused. *Stawicki v. Israel*, 778 F.2d 380 (7th Cir.1985). In applying the *Edwards* criteria and reviewing the case under a totality of the circumstances, this court finds that petitioner did knowingly and intelligently waive his rights, including his right to counsel, and that the trial court did not err in admitting the confession.

### IV.

Petitioner raises questions of evidentiary rulings in his next three issues. He contends that the court allowed testimony that he had blood on his hands when the police officers arrested him to go to the jury. Petitioner contends that the court improperly admitted testimony of a three year old threat. He further argues that the admission of photographs depicting the wound inflicted as well as incisions made by medical persons was improper, inflammatory and denied him a fair trial.

■ Traditionally, state evidentiary rules are not cognizable under federal habeas corpus actions. In *Williams v. Duckworth*, 562 F.Supp. 506, 512 (N.D.Ind.1983) this court held that admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the derogation of a specific constitutional right, no constitutional issue is involved. *United States ex rel Harris v. Illinois*, 457 F.2d 191, 198 (7th Cir.1972).

An alleged error arising from admission of disputed evidence is not grounds for federal habeas relief absent a showing of deprivation of a specific due process right. *Guzzardo v. Bengston*, 643 F.2d 1300 (7th Cir.1981).

The Seventh Circuit Court of Appeals has recently addressed this very issue in *United States ex rel Foster v. DeRobertis*, 741 F.2d 1007, 1014 (7th Cir.1984) citing *United States ex rel DiGiacomo v. Franzen*, 680 F.2d 515, 517 (7th Cir.1982) as follows:

> Under 28 U.S.C. § 2254, a federal court is authorized to issue a writ of habeas corpus in behalf of a person in custody under the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." Because the admissibility of evidence in state courts is a matter of state law, evidentiary questions are not subject to federal review under § 2254 unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right.

*United States ex rel Foster*, supra at 1014.

The Supreme Court of Indiana found that the evidence was relevant to prove an element of the crime, i.e., that Skinner was "in fear" when he surrendered his radio. *Edwards v. State, supra* at 454. This court must determine whether the trial court's decision deprived petitioner of a fundamentally fair trial.

■ As to petitioner's claim that the photograph concerning the blood on his hands, his defense counsel objected and the court sustained the objection. The court did not permit the photograph to go to the jury and instructed the jury to strike from their minds any reference to the photograph as it was also stricken from the record. Petitioner has not carried his burden on this issue showing that the trial court's admonishment was ineffective and rendered his trial fundamentally unfair. *Henderson v.*

*Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

■ Petitioner claims that the testimony concerning a three year old threat denied him a fundamentally fair trial. The trial court found that the evidence was admissible as it related to petitioner's state of mind. The threat involved a knife as did the murder of the victim. Because of the similarities, the type of crime and the type of weapon used, the court found that the incident was relevant and not remote in time.

■ Petitioner's final issue concerning the photographs showing the wound and the incisions made by medical personnel is equally without merit. The trial court found that the probative value outweighed the potential for prejudice and that ruling was upheld on direct appeal. The difference between the medical incision and the wound caused by the murder weapon was fully explained to the jury. Petitioner has failed to raise an issue of federal due process which rendered his trial fundamentally unfair.

Petitioner's challenges to the state evidentiary rulings do not give rise to cognizable federal issues for the issuance of a federal writ.

### CONCLUSION

Accordingly, it is the order of this court for the foregoing reasons that respondents' motion to dismiss be and is hereby GRANTED; writ is DENIED; petition is DISMISSED. SO ORDERED.*

* AFFIRMED BY UNPUBLISHED ORDER NO-VEMBER 21, 1986.