966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth RICHARDSON, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents-Appellees.
 No. 91-3060.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 25, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Richardson is serving a fifteen-year sentence after being convicted of child molesting. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Richardson challenged the sufficiency of the evidence to convict him and the admission of evidence relating to prior bad acts.[1] He appeals the district court's denial of his petition. We affirm for the reasons stated in the attached district court order.[2]
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 
 3
 Kenneth RICHARDSON, Petitioner,
 
 
 4
 v.
 
 
 5
 Thomas RICHARDS; and Indiana Attorney General, Respondents.
 
 Civil No. S 91-59
 
 6
 July 22, 1991.
 
 MEMORANDUM AND ORDER
 
 7
 On February 2, 1991, pro se petitioner, Kenneth Richardson, an inmate at the Westville Correctional Center, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on May 10, 1991, failed to demonstrate the necessary compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), but the amended return filed on May 13, 1991, demonstrates such compliance. The state court record has been filed and examined pursuant to the mandates of Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 8
 The petitioner was convicted in the Morgan Circuit Court at Martinsville, Indiana of the offense of child molesting. That conviction was as a result of a jury verdict. A direct appeal was taken to the Court of Appeals of Indiana. The First District of that court, speaking through Judge Baker, affirmed the aforesaid conviction with Judges Robertson and Shields concurring. Such was done in an unpublished memorandum decision dated March 26, 1990. The Supreme Court of Indiana denied transfer. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto, and incorporated herein.
 
 
 9
 Here, the petitioner raises the issues that are also raised in the Court of Appeals of Indiana, and are clearly discernible from a facial examination of Judge Baker's memorandum decision. Those issues are:
 
 
 10
 (1) whether the state trial court erred in admitting into evidence certified copies of documents showing that in 1983, the defendant had been convicted of attempted child molesting;
 
 
 11
 (2) whether the deputy prosecutor's comments during closing argument constituted misconduct and reversible error;
 
 
 12
 (3) whether there was sufficient evidence to support Richardson's conviction of child molesting.
 
 
 13
 This court will deal with the third issue first. Justice Stewart, speaking for the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307 (1979), stated:
 
 
 14
 A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur--reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right--is not one that can be so lightly abjured.
 
 
 15
 Id. at 323. The Supreme Court in Jackson held:
 
 
 16
 We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254--if the settled procedural prerequisites for such a claim have otherwise been satisfied--the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.
 
 
 17
 Id. (footnote omitted). See also Sumner v. Mata, 449 U.S. 539 (1981); Dooley v. Duckworth, 832 F.2d 445 (7th Cir.1987), cert. denied, 485 U.S. 967 (1988); United States ex rel. Haywood v. O'Leary, 827 F.2d 52 (7th Cir.1987); Bryan v. Warden, Indiana State Reformatory, 820 F.2d 217 (7th Cir.), cert. denied, 484 U.S. 867 (1987); Shepard v. Lane, 818 F.2d 615 (7th Cir.), cert. denied, 484 U.S. 929 (1987); and Perri v. Director, Department of Corrections, 817 F.2d 448 (7th Cir.), cert. denied, 484 U.S. 843 (1987).
 
 
 18
 A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of child molesting.
 
 
 19
 Following Jackson, 443 U.S. at 307, there is an increasingly long line of cases in this circuit that suggest that the facts found by the highest court of a state are presumed correct. The most recent statement of that principle is found in Andersen v. Thieret, 903 F.2d 526, 531 (7th Cir.1990).
 
 
 20
 The facts found in the Court of Appeals of Indiana are subject to a presumption of correctness under 28 U.S.C. § 2254(d). Indiana Code § 35-42-4-3 in pertinent part, provides:
 
 
 21
 (a) a person who, with a child under 12 years of age, performs or submits through sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony.
 
 
 22
 Indiana Code § 35-41-1-9 defines "deviate sexual conduct" in the following manner:
 
 
 23
 "Deviate sexual conduct" means an act involving (1) a sex organ of one person in the mouth or anus of another person; or (2) the penetration of the sex organ or anus by a person by an object.
 
 
 24
 The evidence in this case clearly established that on March 29, 1986, the petitioner performed an act of sexual deviate conduct with the victim, an eleven year-old boy. The victim's testimony showed tat the victim was residing at 1089 E. Morgan Street, and that he was an eleven year-old fifth grade student attending the Smith Elementary School in Martinsville, Indiana. The residence was described as a big, white house with a small porch and black shutters. The young victim was informed that the petitioner would help the family move from Morgan Street and the victim was instructed to do what the petitioner told him to do. The victim's testimony further showed that immediately after school on the day in question, the petitioner picked up the victim from school, transported him home and accompanied him to the basement of the aforesaid residence. The petitioner then forcibly engaged in oral sex with the victim and threatened to get even with the victim if he told anyone what happened.
 
 
 25
 Later, the victim was in Charter Hospital when he described the incident to his mother who then contacted law enforcement authorities. The testimony of Officer Thomas indicates that on July 14, 1988, the victim related the incident to him. The victim indicated that he had been attacked in his home and was able to describe its location and appearance. He referred to his attacker as "Kenny" and described him as 6'4" tall with a red bushy beard and a "thing" built in on his shoe. Officer Thomas knew the petitioner and noted that the description of the victim's attacker matched that of this petitioner. During the trial, the victim indentified the petitioner as the individual who touched him on his "private parts."
 
 
 26
 Under such circumstances, there was more than enough evidence upon which any reasonable trier of fact could have found the petitioner guilty of this crime beyond a reasonable doubt. The demands of Jackson, 443 U.S. at 307, were met in this case.
 
 
 27
 As a general proposition, the admissibility of evidence does not rise to a constitutional issue in cases under 28 U.S.C. § 2254, unless there is a denial of fundamental fairness or the denial of a specific constitutional right. Generally, these cases are rationalized on the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. See Romine v. Duckworth, 648 F.Supp. 60, 65 (N.D.Ind.1986), aff'd by unpublished order, 805 F.2d 1038 (7th Cir.1986).
 
 
 28
 Specifically, the petitioner contends that the state trial court erred in admitting into evidence State Exhibits 2, 5 and 6. The record shows that the state trial court admitted into evidence several certified documents, including an information, finding and order and judgment, and an order relating to the petitioner's 1983 conviction on the charge of attempting child molesting. These exhibits were admitted to show that the petitioner had previously engaged in the acts of sexual "touching" with another young boy. The state argued that the exhibits were relevant to show the petitioner's depraved sexual instinct by suggesting that he was sexually infatuated with young boys. The state trial court admitted these documents and Judge Baker, speaking for the Indiana Court of Appeals, affirmed the same.
 
 
 29
 Certainly, on the basis of state law, Judge Baker's discussion of these issues in part I of his memorandum decision clearly indicates that it was not reversible error to admit this evidence in this case. The conclusory language that Judge Baker uses is in following the Supreme Court decision in Maynard v. State, 513 N.E.2d 641 (Ind.1987), where the Supreme Court of Indiana opined that acts used to show a depraved sexual instinct need not be identical to the crime for which the defendant is charged. It was held to be sufficient if the same sexual instinct was involved. The closing sentence of Part I of Judge Baker's opinion states:
 
 
 30
 "The evidence of Richardson's previous offense falls squarely within the depraved sexual instinct exception and was, therefore, admissible."
 
 
 31
 The depraved sexual instinct exception is now clearly honored in the substantive law of the State of Indiana. Within the framework of federalism, the State of Indiana through its Supreme Court, has a right to adopt such a legal concept in this kind of case. There is nothing in the Constitution of the United States, and in particularly the Fourteenth Amendment, to inhibit that kind of common law and statutory development. There was a legitimate basis for the admissibility of State Exhibits 2, 5 and 6 and nothing in the Fourteenth Amendment, or, by analogy, the Fifth Amendment of the Constitution of the United States, commands this court to put the label of constitutional error on this decision by the state trial court.
 
 
 32
 The last issue considered here is the well-worn subject of alleged prosecutorial misconduct during closing argument. The court must again revisit the values that inhere in United States v. Hasting, 461 U.S. 499 (1983). See also United States v. Stillwell, 900 F.2d 1104, 1112 (7th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 111 (1990); United States ex rel. Shaw v. De Robertis, 755 F.2d 1279 (7th Cir.1985). Judge Baker, speaking for the Court of Appeals of Indiana in Part II of his opinion delineates the factual and procedural setting of the brief remark made by the prosecutor. In a case tried by this court and authored by Chief Judge Bauer, an assistant United States attorney engaged in an extravagant final argument. See United States v. Dominguez, 835 F.2d 694 (7th Cir.1987). Chief Judge Bauer, writing for the court, opined that it was a remark that would have been better left unsaid, but it did not constitute reversible error there, and the remark referred to here does not constitute reversible error. Certainly, the Court of Appeals in this circuit has often said in cases emanating under 28 U.S.C. § 2254 and in direct criminal appeals, a reviewing court must consider erroneous acts in the context of the entire trial when determining the effect of alleged prosecutorial misconduct. This court has had an opportunity to examine the transcript of the trial and does not conceive that the petitioner here has sustained his burden to demonstrate prejudice. Secondarily, given the current status of the law with regard to harmless error, the action here by the prosecutor is subject to that interpretation. See Arizona v. Fulminante, --- U.S. ----, 111 S.Ct. 1246 (1991); Brecht v. Abrahamson, 759 F.Supp. 500 (W.D.Wis.1991), and most recently, Hanrahan v. Thieret, No. 90-3292 (7th Cir. May 29, 1991).
 
 
 33
 A careful and independent examination of the record in this case under Miller v. Fenton, 474 U.S. 104 (1985), persuades this court that there is no basis for the granting of a writ. This petition is, therefore, DENIED. IT IS SO ORDERED.
 
 
 34
 ------------Allen Sharp
 
 
 35
 ------------ALLEN SHARP
 
 
 36
 ------------CHIEF JUDGE
 
 NORTHERN DISTRICT OF INDIANA
 
 37
 cc: Richardson
 
 Nowak/Quigley
 Order Book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted for decision on the briefs and record
 
 
 [1]
 Richardson also claimed prosecutorial misconduct, but he has explicitly waived the issue on appeal. Thus, we neither rely on nor express any opinion on the district court's discussion of prosecutorial misconduct
 
 
 [2]
 After briefing was completed, Richardson cited Modesitt v. State, 578 N.E.2d 649 (Ind.1991), pursuant to Fed.R.App.P. 28(j), as supplemental authority in support of his argument challenging the sufficiency of the evidence. The defendant in Modesitt obtained a reversal of his convictions and a new trial by challenging the admission of certain hearsay statements. He successfully argued that it was error to admit these statements into evidence prior to the calling of the victim, who was the hearsay declarant. In this case, the victim was the first witness to testify at trial, so he testified before any hearsay testimony was admitted. Thus, Modesitt is inapposite